UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EUGENE SPARROW,  1:20-cv-1540-NLH

        Petitioner,  **OPINION**

   v.

UNITED STATES OF AMERICA,

        Respondent.

**APPEARANCES**:

Eugene Sparrow, 719871-050
FCI Schuylkill
PO Box 759
Minersville, PA 17954
    *Petitioner pro se*

Desiree Grace Latzer, Assistant United States Attorney
Office of the US Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
    *On behalf of Respondent*

**HILLMAN, District Judge**

    This matter comes before the Court on Petitioner Eugene Sparrow's motion to vacate, set aside, or correct his criminal sentence pursuant to 28 U.S.C. § 2255. On October 29, 2018, Petitioner was charged by criminal complaint with knowingly possessing a firearm after having been convicted of a crime in the Superior Court of New Jersey, Essex County, punishable by imprisonment for a term exceeding one year and constituting a violent felony in violation of 18 U.S.C. §§ 922(g)(1). United

States v. Sparrow, No. 18-cr-653-NLH, ECF No. 1 (D.N.J. October 29, 2018).  On March 5, 2019, Petitioner entered into a plea agreement with the Government. United States v. Sparrow, No. 18-cr-653-NLH, ECF No. 16 (D.N.J. March 5, 2019).  In relevant part, Petitioner agreed that in exchange for his plea of guilty to the indictment, the Government would forego charging any additional crimes associated with "the illegal possession of a firearm and ammunition in Essex County, New Jersey on or about March 26, 2018." See id.

As for sentencing, the plea agreement explains that the offense to which Petitioner would plead guilty carried a statutory maximum sentence of ten years. Id.  An addendum to the plea agreement, identified as "Schedule A," explains that Petitioner and the Government "agree[d] not to seek or argue for any upward or downward departure, adjustment, or variance" from "a sentence within the Guidelines range that results from the agreed total Guidelines offense level". See id.  Petitioner acknowledged, however, that the parties' agreement was not binding on the Court; instead, Petitioner recognized, the sentence length was an issue to be decided by the Court:

> The sentence to be imposed upon SPARROW is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines.  The United States Sentencing Guidelines are advisory, not mandatory.  The sentencing judge may impose any reasonable sentence up to

      and including the statutory maximum term of imprisonment and the maximum statutory fine.  This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence SPARROW ultimately will receive.

Id. at 2.

    The parties also agreed that:

        (1)   the applicable sentencing guidelines base offense level of 20 would apply, "because SPARROW committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense. See U.S.S.G. § 2K2.1(a)(4)(A)[;]"

        (2)   "[a] four-level enhancement is warranted because [Petitioner] possessed the firearm in connection with another felony offense. See U.S.S.G. § 2K2.1(b)(6)(B)[;]"

        (3)   if Petitioner "enter[ed] a guilty plea prior to commencement of trial . . . truthfully admit[ted] his involvement in the offense and related conduct, and [did] not engage in conduct that is inconsistent with such acceptance of responsibility," and if such "acceptance of responsibility continue[d] through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility w[ould] be appropriate. See U.S.S.G. § 3E1.1(a) and Application Note 3[;]"

        (4)   the Government "would move for a further 1-point reduction in [Petitioner]'s offense level pursuant to U.S.S.G. § 3E1.1(b)" at sentencing.

Id. at 7-8.  After accounting for all stipulated level enhancements and reductions, the parties agreed that the appropriate offense level was 21. Id. at 8, Para 7.

    Under separate heading – "Waiver of Appeal and Post-

Sentencing Rights" – within the plea agreement, the parties agreed "[a]s set forth in Schedule A" to "waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255." Id. at 3. Similarly, Schedule A stated that

> SPARROW knows that he has an, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 21.

Id. at 8, Para 9.

Petitioner acknowledged in writing that he received the plea agreement from his counsel, and that he read it, understood it, and discussed it with his attorney, including those portions "addressing the charge, sentencing, [and] stipulations[.]" Id. at 6.  Plaintiff further acknowledged that he understood the plea agreement "fully" and "accept[s] its terms and conditions and acknowledge[s] that it constitutes the plea agreement between the parties." Id.

In a subsequently filed Application for Permission to Enter Plea of Guilty, Petitioner acknowledged again that his "lawyer has explained, and [he] underst[oo]d, that only the judge may decide what punishment [he] shall receive, and that if any

4

person has told [him] otherwise, that person is not telling . . . the truth" and that "the sentence to be imposed upon [him] is within the sole discretion of the sentencing judge. (ECF No. 15 at ¶¶ 24-25.)  Petitioner also recognized that he "will have no right to withdraw [his] plea on the grounds that anyone's prediction as to the Guidelines range or expectation of sentence proves inaccurate." Id. at ¶ 33.

Petitioner confirmed that the plea agreement contained additional stipulations, including that:

> I understand that my plea agreement sets forth a Guidelines calculation which I agree is the total Guidelines offense level applicable to me in this case.  I further understand that I have waived the right to argue that the sentencing judge should impose a sentence below the range that results from this offense level, and that the government has waived the right to argue for a sentence above the range that results from this offense level.

Id. at ¶ 39.

On March 5, 2019, this Court held a plea hearing with Petitioner present. United States v. Sparrow, No. 18-cr-653-NLH, ECF No. 14 (D.N.J. March 5, 2019).  Under oath, Petitioner retracted his previous not guilty plea and entered a plea of guilty.  See id.  The terms of the plea agreement were read into the record. See id.  The Court ordered the plea agreement approved and the plea accepted. See id.

On October 29, 2019, Petitioner filed the present Petition, arguing that his guilty plea must be vacated in light of the

5

Supreme Court's decision in Rehaif v. United States, 588 U.S. ___, 139 S. Ct. 2191 (2019).  Petitioner now contends that he was never informed prior to pleading guilty that 18 U.S.C. § 922(g)(1) requires that a defendant know of his status as a convicted felon – and that his "conduct . . . has been subsequently rendered noncriminal" by Rehaif.[1]

I. Legal Standard: 28 U.S.C. § 2255

28 U.S.C. § 2255 provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  See generally U.S. v. Thomas, 713 F.3d 165 (3d Cir. 2013), cert. denied, 570 U.S. 927 (2013) (detailing the legislative history of § 2255).

A criminal defendant bears the burden of establishing entitlement to § 2255 relief.  See United States v. Davies, 394 F.3d 182, 189 (3d Cir. 2005).  Moreover, as a § 2255 motion to

---

[1] This Petition was originally styled as a motion for appointment of counsel under 18 U.S.C. § 3006A (United States v. Sparrow, No. 18-cr-653-NLH, ECF No. 30 (D.N.J. October 29, 2019)), which the Court denied (Id., ECF No. 31).  In response to Petitioner's motion for reconsideration (Id., ECF No. 32), the Court ordered the Clerk of the Court to open the present matter as a new proceeding pursuant to 28 U.S.C. § 2255.

6

vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152 (1982).

This Court recognizes it has a duty to construe pro se pleadings liberally. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).

II.  Analysis

Petitioner argues that his guilty plea must be vacated in light of the Supreme Court's decision in Rehaif, because he was allegedly never informed that the statute under which he was charged, 18 U.S.C. § 922(g)(1), required that the defendant know that he "belonged to the relevant category of persons barred from possessing a firearm". 139 S. Ct. at 2200.

The Government argues that Petitioner is barred from raising this claim by the waiver included in his plea agreement. It further argues that, even if the claim is not waived, Petitioner cannot demonstrate prejudice.

By the terms of his plea agreement, Petitioner clearly waived his right to bring a § 2255 claim.  The question before this Court is whether such waiver is enforceable.  The Third Circuit has held that such waivers are indeed enforceable if they are "entered into knowingly and voluntarily", and do not

7

"work a miscarriage of justice." United States v. Marby, 536 F.3d 231, 237 (3d Cir. 2008).

The record indicates that Petitioner entered into the plea agreement voluntarily, and with an understanding of both the benefits and the costs associated with entering into it. As excerpted above, the plea agreement is explicit with regard to the waiver of potential § 2255 claims. The agreement also required Petitioner to affirm his understanding of and assent to the terms therein. Nor was this the end of the line. This Court held a hearing during which the terms of the agreement were read aloud, the Court asked the Petitioner whether he understood those terms, and he agreed.

Nor did this plea agreement, or the waiver therein, constitute a "miscarriage of justice". Indeed, entering the agreement allowed Petitioner to take advantage of a reduction in the sentencing guidelines to reflect his acceptance of responsibility. Had Petitioner chosen instead to go to trial, he would have faced an advisory Guidelines range of 78-97 months' imprisonment – 21 to 40 months longer than the 57-month sentence ultimately imposed by the Court. And the waiver did not prevent Petitioner from challenging his sentence, should the Court have decided to ignore the terms of the agreement. Indeed, the text of the waiver specified that Petitioner could not bring a § 2255 challenge only if "the sentence falls within

8

or below the Guidelines range that results from the agreed total Guidelines offense level of 21" – in other words, Petitioner could not challenge the outcome contemplated in the agreement, but could challenge an outcome stemming from a higher offense level.

The Court therefore finds that the plea agreement contained a valid waiver, barring Petitioner from bringing a § 2255 challenge.

In the alternative, however, Petitioner is still not entitled to relief because he was not prejudiced by any failure to inform him of the "knowing" element of § 922(g)(1).  To establish prejudice in pursuing post-conviction relief, Petitioner must show "a reasonable probability that, but for [the] errors, the result of the proceeding would have been different." Lee v. United States, 137 S. Ct. 19588, 1964 (2017). He has the burden of "showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis added).  In a plea context, he "must show that there is a reasonable probability that, but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (emphasis added).

9

§ 922(g)(1) criminalizes possession of firearms by "any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year."  The Supreme Court's decision in Rehaif required that a defendant know that he belonged to this category of people.  See Rehaif, 139 S. Ct. at 2200.  It did not, however, create an "ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code." Guerrero v. Quay, Civ. No. 20-39, 2020 WL 1330667, at *4 (M.D. Pa. Mar. 23, 2020) (quoting United States v. Bowens, 938 F.3d 790, 797 (6h Cir. 2019)).  Rather, the government must prove that the defendant knew that he had a prior conviction which was punishable by at least one year's imprisonment.  The Supreme Court did not consider this obligation on the part of the government to be "burdensome", as such knowledge "can be inferred from circumstantial evidence". Rehaif, 139 S. Ct. at 2198 (quoting Staples v. United States, 511 U.S. 600, 615, n.11 (1994)).

In this case, Petitioner had previously pled guilty to four felony charges in New Jersey state court, each of which by statute carried a term of at least three years imprisonment, and received an actual combined sentence of ten years' imprisonment. This is a far cry from the scenario envisioned in Rehaif, where the Supreme Court posited that "these provisions might apply to

10

a person who was convicted of a prior crime but sentenced only to probation, who does not know that the crime is 'punishable by imprisonment for a term exceeding one year.'" Rehaif, 139 S. Ct. at 2198.

Petitioner's prior convictions and the higher Guidelines range they would have contributed to, absent the plea agreement, weigh against the likelihood that Petitioner would not have pled guilty if he had been aware of the "knowing" element. Further, those convictions support the assessment that the Government would have been able to prove that element beyond a reasonable doubt at trial, even under the terms of Rehaif. Petitioner has failed to demonstrate prejudice requiring post-conviction relief.

### III. Conclusion

For the above-mentioned reasons, the Court holds that the plea agreement entered into by the Petitioner included a valid and enforceable waiver which bars him from bringing a § 2255 challenge.

In the alternative, the Court holds that Petitioner has failed to show that he was prejudiced by any failure to inform him of the "knowing" element of 18 U.S.C. § 922(g)(1).

An appropriate Order will be entered.

Date: September 22, 2020          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.